# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS



**Patrick Di Santo,**

16008 W. 84th Terrace

Lenexa, KS 66219

Plaintiff, Pro Se,

v.

**Massachusetts Department of Transportation** (Registry of Motor Vehicles),

10 Park Plaza, Suite 4160

Boston, MA 02116

Defendant.

Civil Action No: _____

---

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**(Disability Discrimination under Title II of the ADA and Rehabilitation Act)**

---

14

## I. NATURE OF THE ACTION

Plaintiff Patrick Di Santo brings this action under the **Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794**, seeking redress for the Massachusetts Registry of Motor Vehicles' (RMV) **negligent failure to provide reasonable accommodations** in connection with Plaintiff's driver's license and medical access.

This failure persisted for **nearly 20 years**, despite full financial settlement, legal documentation from two attorneys, and multiple medical records confirming Plaintiff's disabling neurological injury. These administrative failures violated federal civil rights, placed Plaintiff's health at risk by **interfering with access to medical appointments**, and caused financial and reputational harm.

---

## II. JURISDICTION AND VENUE

1. This Court has **federal question jurisdiction** under **28 U.S.C. § 1331**, and **jurisdiction under 28 U.S.C. § 1343(a)(3)** (civil rights actions).

2. Venue is proper in this district pursuant to **28 U.S.C. § 1391(b)** because the Defendant agency is located in this District and the events or omissions

15

giving rise to the claims occurred in Massachusetts.

## III. PARTIES

3. Plaintiff **Patrick Di Santo** is a disabled individual who resides in Kansas but whose civil rights were violated by the Defendant's actions in Massachusetts. Plaintiff has a medically documented history of neurological disability and requires accommodations for state licensing functions.

4. Defendant **Massachusetts Department of Transportation** (MassDOT), through its agency the **Registry of Motor Vehicles (RMV)**, is a public entity subject to the provisions of Title II of the ADA and the Rehabilitation Act.

## IV. FACTUAL ALLEGATIONS

5. Plaintiff was issued a license in Massachusetts in the early 2000s.

6. Following a head injury and disability diagnosis, Plaintiff attempted to correct outdated or inaccurate information on his RMV record with the

16

assistance of two attorneys:

- **M. Jim Jenkins**, Pensacola, FL

- **Colleen Glenn**, Sarasota, FL

7. Legal errors or notations on Plaintiff's record, which were resolved through formal legal channels and **paid in full on two separate occasions**, continued to result in improper administrative suspensions or denials of renewal.

8. Plaintiff submitted multiple notices and documentation requesting that accommodations be made under the **ADA and Rehabilitation Act**—including access to hearings, individualized review, and emergency reinstatement related to **medical transportation needs**.

9. Despite these efforts, RMV continued to treat Plaintiff as if the prior error was unresolved—causing **undue restriction of driving privileges** and **interference with access to critical neurological and medical care**.

10. Plaintiff was effectively denied the benefit of RMV services on the basis of disability, in violation of **Title II of the ADA** and **Section 504 of the**

17

**Rehabilitation Act.**

11. The issue was ultimately corrected, but only **after nearly two decades** of administrative negligence.

---

## V. CLAIMS FOR RELIEF

**Count I – Violation of the Americans with Disabilities Act (ADA) – Title II**

12. Defendant is a public entity subject to the provisions of **42 U.S.C. § 12132**, which requires that no qualified individual with a disability be excluded from participation in or denied the benefits of services, programs, or activities of a public entity.

13. Defendant failed to provide reasonable modifications or a meaningful process for redress, despite actual knowledge of Plaintiff's disability.

14. This denial of access constitutes unlawful discrimination under the ADA.

---

**Count II – Violation of Section 504 of the Rehabilitation Act**

18

15. The RMV receives **federal financial assistance**, and thus is subject to **29 U.S.C. § 794(a)**.

16. Plaintiff was excluded from participation in or denied the benefits of the RMV's services on the basis of disability.

## Count III – Negligent Infliction of Emotional Distress

17. Defendant's failure to respond to legal correction and ADA requests caused prolonged stress, humiliation, and compromised medical access.

## Count IV – Due Process Violation (14th Amendment)

18. Defendant deprived Plaintiff of a property interest in his license **without meaningful notice or opportunity to be heard**, in violation of procedural due process.

19

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that Defendant violated the **ADA**, **Rehabilitation Act**, and **Due Process Clause**;

B. Award **compensatory damages** for economic loss, emotional distress, and reputational harm in the amount of **$250,000**;

C. Enjoin the RMV from further denying accommodations to Plaintiff or similarly situated disabled individuals;

D. Order the correction and sealing of erroneous notations in RMV records;

E. Award reasonable litigation costs and any other relief this Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

**Respectfully submitted,**

/s/ Patrick Di Santo

Patrick Di Santo, Pro Se

16008 W. 84th Terrace

Lenexa, KS 66219

info@number9ine.com

(913) 309-3423

Dated: June 9, 2025

21