UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK DI SANTO,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>MASSACHUSETTS DEPARTMENT OF  )<br>TRANSPORTATION, *Registry of Motor*  )<br>*Vehicles*,  )<br><br>Defendant.  ) | Civil Action No. 25-12921-MJJ |

## ORDER

**JOUN, D.J.**

In this action, Patrick Di Santo ("Mr. Di Santo"), who is representing himself, alleges that the Registry of Motor Vehicles ("RMV") failed to provide reasonable accommodations for his disability over a span of 20 years in connection with his driver's license and medical access. Mr. DiSanto asserted for violations of Title II of the ADA, Section 504 of the Rehabilitation Act, his right to due process, and for negligence. [Doc. No. 1]. After conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), on April 24, 2026, the Court issued an order directing Mr. Di Santo to show cause, by filing an amended complaint, why this action should not be dismissed for failure to state a claim upon which relief may be granted. [Doc. No. 5]. On May 18, 2026, Mr. Di Santo filed an amended complaint. [Doc. No. 8].

## I.    Court's Review of the Original Complaint

In its April 24, 2026 order, the Court found that Mr. DiSanto's claims for disability discrimination failed to state a claim upon which relief could be granted because his allegations of wrongdoing "were too vague to give the RMV adequate notice of the factual basis of his claim or allow the Court to draw a reasonable inference that defendant is liable to him." [Doc. No. 5 at

4]. The Court explained that the complaint did not "clearly identify his disability, the nature of the errors on his record, how these errors resulted in administrative suspensions or denials of renewal, or how RMV's alleged failure to timely reinstate his license was caused by the RMV's intentional discrimination against him because he is disabled or its failure to make a reasonable accommodation for his disability." [*Id.*] In addition, the complaint did not "provide any time frame for the alleged events." [*Id.*] The Court also found that the claims for violation of his right to due process and for negligence were barred by the Eleventh Amendment. [*Id.* at 4-5].

## II.    The Amended Complaint

The Amended Complaint, which is limited to claims under Title II of the ADA and Section 504 of the Rehabilitation Act, does not cure the defects of the original complaint. Mr. Di Santo's does not clearly identify his disability. He merely references "a neurological injury and subsequent disability diagnosis." [Doc. No. 3 at 3]. As in the original complaint, he does not show how the RMV's alleged refusal for his "multiple requests for accommodation," such as "[i]ndividualized review of his record, "[a]ccess to hearings or administrative processes," "[t]imely correction of erroneous entries," and "[e]mergency reinstatement related to medical transportation needs," [*id.* at 4], has denied or is denying him meaningful access to the services of the RMV because of his disability.

## III.    Conclusion

In accordance with the foregoing, the Court DISMISSES this action for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

 /s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: June 8, 2026

2